NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL OMAR DENNISON, *Appellant.*

No. 1 CA-CR 17-0016
FILED 2-27-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2015-145925-001 DT
The Honorable Gregory Como, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

C R U Z, Judge:

¶1  This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Michael Omar Dennison has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Dennison was convicted of aggravated assault, a class six felony. Dennison was given an opportunity to file a supplemental brief *in pro per*; he has not done so. After reviewing the record, we affirm Dennison's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2  We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Dennison. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3  In February 2016, a grand jury indicted Dennison on one count of aggravated assault, a class six felony. The superior court issued three bench warrants throughout the pendency of the case due to Dennison's failures to appear. Dennison, however, was present when the court scheduled his case for trial setting, and the court further advised Dennison of the consequences for his failing to appear. Dennison did not appear for trial setting and the court proceeded *in absentia*.

¶4  At trial, the State presented the following evidence: in May 2015, Victim, S.M., and his partner, a two-man ambulance crew with the Phoenix Fire Department, were dispatched to Dennison's location. When they arrived, they found Dennison conscious, lying on his side, and vomiting. Dennison was suffering from high blood sugar and the crew decided to transport him to the hospital after Dennison refused their treatment. S.M. and his partner secured Dennison to a gurney and placed him in the back of their ambulance.

¶5  Dennison requested the ambulance crew transport him to St. Joseph's Hospital and, because Dennison appeared stable, the crew decided

to comply with Dennison's request.[1]  Shortly after, Dennison began to vomit and S.M.'s partner, who was in the back of the ambulance with Dennison, gave Dennison an emesis bag to vomit into.  Dennison began to vomit onto the interior walls of the ambulance and when asked to use the emesis bag, Dennison became agitated and responded with, "f--k you."

¶6        S.M., who was driving the ambulance, could hear a "commotion" in the back of the ambulance and that Dennison was very angry and using vulgar language toward his partner.  S.M.'s partner asked S.M. to initiate the ambulance lights and sirens, and S.M. decided to transport Dennison to the nearest hospital—not St. Joseph's Hospital—for both Dennison's and his partner's safety.

¶7        When the ambulance arrived at the hospital, Dennison was "irate" upon learning he was not at St. Joseph's Hospital.  The crew removed the gurney from the back of the ambulance and lowered it so Dennison could easily stand up to walk inside the hospital.  S.M. reached over Dennison to unstrap him from the gurney when Dennison swung his emesis bag, containing approximately twenty ounces of vomit, at S.M., hitting him in the face with the bag, causing the contents to explode and splash on S.M.'s face.  The jury convicted Dennison as noted above.

¶8        More than one month after trial, Dennison appeared and the superior court set the matter for sentencing.  The State alleged, and the court found prior to sentencing, that Dennison had one prior non-historical felony conviction pursuant to Arizona Revised Statutes ("A.R.S.") section 13-703.

¶9        The superior court conducted the sentencing hearing in compliance with Dennison's constitutional rights and Arizona Rule of Criminal Procedure 26.  The court found Dennison's health to be a mitigating factor, but it also considered Dennison's criminal history and that the instant aggravated assault involved a victim.  The court sentenced Dennison as a non-dangerous, repetitive offender to the less-than-presumptive term of nine months' imprisonment.  The court gave Dennison 55 days' presentence incarceration credit and imposed the applicable fines and fees.

---

[1]        S.M.'s partner testified that it is common for an ambulance to transport patients to their desired hospital, within reason.  However, if the patient presents a "legitimate, actual emergency" it is standard to transport the patient to the closest hospital.

## DISCUSSION

**¶10**     We review Dennison's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Dennison has advised this court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Dennison at all stages of the proceedings. The sentence imposed was within the statutory guidelines, and the superior court properly sentenced Dennison as a repetitive offender, but to a mitigated term. *See* A.R.S. §§ 13-1203(A), -1204(A)(8)(c), (E), -703(A). We decline to order further briefing and affirm Dennison's conviction and sentence.

**¶11**     Upon the filing of this decision, defense counsel shall inform Dennison of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Dennison shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶12**     For the foregoing reasons, we affirm Dennison's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4